IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**JOSEPH BASCETTA, a single man,**

      **Plaintiff,**

**v.**                                                                **No. CIV 02-40 BB/WWD**

**TAOS HEALTH SYSTEMS, INC.,**
**d.b.a. Holy Cross Hospital,**

      **Defendant.**

## MEMORANDUM OPINION
## AND
## ORDER ON SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Defendant's motion for summary judgment, and the Court having read the briefs submitted, finds the motion well-taken and it will be Granted unless Plaintiff responds as directed.

*Undisputed Facts*

Plaintiff, Joseph Bascetta, broke his leg while skiing at the Taos Ski Valley on January 15, 1999. On January 14, 2002, the day before the statute of limitations expired, Plaintiff, *pro se*, filed his Complaint to Recover Damages Arising From Medical Negligence. Plaintiff alleges that Holy Cross Hospital failed to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care ordinarily

used by well-qualified hospitals and hospital related businesses under similar circumstances.

Defendant, Holy Cross Hospital, served its First Set of Interrogatories and First Request for Production of Documents to Plaintiff on May 23, 2002. Interrogatory number 8 specifically requests Plaintiff identify any and all expert witnesses he intends to call at trial. The Initial Pretrial Report entered June 3, 2002, provides *inter alia*:

> Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and to provide expert reports, pursuant to Fed. R. Civ. P. 26(a)(2)(B), no later than 8-13-02.

IPTR p. 3. Plaintiff has failed to respond to interrogatories and requests for production, and has failed to comply with the Initial Pretrial Order.

## *Discussion*

It has long been established a plaintiff cannot recover in tort where he cannot show the neglect of some duty owing him by the defendant. *Chavez v. Lopez*, 290 P. 741 (N.M. 1930). For a medical malpractice claim, a plaintiff must establish the appropriate standard of care, defendant's breach of that standard, and that such breach proximately caused plaintiff's damages. *Gerety v. Demers*, 589 P.2d 180, 195 (N.M. 1978). The plaintiff must therefore provide defendant the identity of the expert plaintiff will rely on to establish these facts within the court ordered discovery period, so that both parties have sufficient time for discovery and trial preparation. *Reaves v. Bergsrud*, 982 P.2d 497 (N.M. App. 1999). When plaintiff fails to obtain or disclose medical expert

testimony, summary judgment is appropriate in an action for medical malpractice. *Allred by Allred v. Board of Regents*, 943 P.2d 579 (N.M. App. 1997); *Schmidt v. St. Joseph's Hosp.*, 736 P.2d 135 (N.M. App. 1987).

Four years after the accident and medical treatment of which he complains, Plaintiff admits he has no medical expert. His response brief indicates he received a favorable but anonymous medical opinion in November 1999, but that physician now refuses to come forward or even return Plaintiff's phone calls. Plaintiff also states he has been "[u]nable to find another witness to testify on his behalf." (Pl. Resp. p. 2.) He explains the failure to answer Defendant's interrogatories and requests for production because Plaintiff was "without an expert witness willing to testify and an attorney's input, not knowing the ramifications of his responses." *Id.* Plaintiff claims "[a]s soon as the plaintiff discusses his Medical Review with the expert witness he will travel to New Mexico to engage the services of an attorney <u>and move this case forward</u>." *Id.* (emphasis added).

Plaintiff is now more than three months delinquent on interrogatories and production requests. The deadline-ordered disclosure of expert witnesses in the Initial Pretrial Report was more than one month ago. Most important, Plaintiff provides no specified time as to when he can name an expert and "move this case forward." This violates the letter and spirit of Federal Rules of Civil Procedure 26, 33, 34, and 56, and sanctions, up to dismissal and summary judgment, are authorized. *See Allred, supra,*

*Vance By and Through Hammons v. United States*, 90 F.3d 1145 (6th Cir. 1996); *Pope v. Lexington Ins. Co.*, 149 F.R.D. 586 (E.D. Wis. 1993).

**O R D E R**

**Plaintiff will identify an expert witness by October 7, 2002, and provide Defendant with interrogatory answers and production documents as well as the expert report required by Federal Rule of Civil Procedure 26 by October 28, 2002. If Plaintiff fails to comply with either of these deadlines, summary judgment will be granted. If Plaintiff meets these deadlines, Defendant may seek such sanctions as are appropriate.**

**Dated at Albuquerque this 26th day of September, 2002.**

**BRUCE D. BLACK
United States District Judge**

**For Plaintiff:**
    **Joseph Bascetta,** *pro se***, Spokane, WA**

**For Defendant:**
    **Robert Curtis, CIVEROLO GRALOW & HILL, Albuquerque, NM**